

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| BEVIN HUDSON, §<br>§ Petitioner, §<br>§<br>vs. §<br>§ Civil Action No. 0:20-00207-MGL<br>§<br>WARDEN BOGGS, *FCI Williamsburg*, §<br>§ Respondent. §<br>§ | |

**MEMORANDUM OPINION AND ORDER
TRANSFERRING PETITIONER'S PETITION**

## I.     INTRODUCTION

Pending before the Court is Petitioner Bevin Hudson's (Hudson) pro se habeas corpus petition under 28 U.S.C. § 2241. In Hudson's Section 2241 petition pending before the Court, he posits his conviction is unlawful in light of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), arguing the government, at trial, failed to prove he knew he belonged to the relevant category of persons barred from possessing a firearm.

## II.    FACTUAL AND PROCEDURAL HISTORY

A federal grand jury in the Southern District of Florida, on October 31, 2013, returned an indictment charging Hudson with one count of possessing a firearm and ammunition in violation of 18 U.S.C. §§ 922(g) and 924(e). A jury found Hudson guilty in March 2014. At trial, Hudson stipulated that prior to the date of the underlying offense he had been convicted in court of a felony

offense punishable by imprisonment for a term in excess of one year. The Presentence Investigation Report (PSR) showed Hudson had nine prior felony convictions. Hudson, prior to sentencing, challenged the violent-felony designation of three of the offenses but did not object to the existence of the nine felonies.

The United States District Court for the Southern District of Florida sentenced Hudson to 200 months of imprisonment and five years of supervised release. Hudson appealed his conviction and sentence, the Eleventh Circuit Court of Appeals then affirmed, and the United States Supreme Court denied his petition for a writ of certiorari. Later, Hudson filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The district court denied Hudson's Section 2255 motion.

Subsequent to Hudson's direct appeal and his Section 2255 motion, the Supreme Court issued its opinion in *Rehaif*. In *Rehaif*, the Supreme Court held "in a prosecution under 18 U.S.C. 922(g) and § 924(a)(2), the [g]overnment must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. To date, Hudson has failed to file a second or successive Section 2255 motion in light of *Rehaif*.

Hudson filed the instant Section 2241 petition while he was incarcerated at Federal Correctional Institution, Williamsburg (FCI Williamsburg), located within the United States District Court for the District of South Carolina. Accordingly, this Court originally possessed jurisdiction to adjudicate Hudson's claims asserted pursuant to 28 U.S.C. § 2241. However, Hudson is no longer housed at FCI Williamsburg.

According to the Bureau of Prison's "Find an inmate" locator listing for Hudson, which the Court takes judicial notice of as per Fed. R. Evid. 201, Hudson is now incarcerated at Federal

Correctional Institution, Gilmer (FCI Gilmer). *See Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Feb. 19, 2021). FCI Gilmer is located in Gilmer, West Virginia. *See FCI Gilmer*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/gil (last visited Feb. 19, 2021). And, FCI Gilmer and its warden are within the jurisdiction of the United States District Court for the Northern District of West Virginia (the NDWV). *Id*.

**III.     DISCUSSION AND ANALYSIS**

"The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. "The consistent use of the definite article in reference to the custodian indicates . . . there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting 28 U.S.C. § 2242).

Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973). "The whole force of the writ is spent upon the respondent." *Id*. at 495 (citation omitted) (internal quotation marks omitted).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this

3

language to require 'nothing more than that the [C]ourt issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden*, 410 U.S. at 495). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id*. at 445.

As the Court noted above, Hudson and his custodian are located in the NDWV. But, the Court does not have jurisdiction over that custodian. Consequently, the Court concludes the instant petition must be transferred to the NDWV.

In sum, because this Court lacks jurisdiction over Hudson's custodian, FCI Gilmer's warden, this Court has no authority to entertain his petition. Thus, this action must be transferred to the NDWV.

### IV.   CONCLUSION

This case is **TRANSFERRED** to the NDWV for further proceedings, and any pending motions are **RENDERED AS MOOT.**

To the extent Hudson requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 22nd day of February 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.